## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORIO W. JEWELLS, | |
| Plaintiff, | CIVIL ACTION NO. 3:22-CV-00440 |
| v. | |
| TED JOHNSON, et al., | (MEHALCHICK, M.J.) |
| Defendants. | |

## MEMORANDUM

Presently before the Court is a motion to dismiss filed by Defendants Ted Johnson and Deborah Carpenter (collectively, "Parole Defendants"), and a motion to dismiss filed by Defendants Jim Kelly, Jennifer Bumbarger, and Norma McGinnis (collectively, "DOC Defendants"). (Doc. 23; Doc. 25). In addition, before the Court is a motion to amend filed by *Pro se* Plaintiff Gregorio W. Jewells ("Jewells"). (Doc. 29). Jewells is an inmate incarnated at the State Correctional Institution at Benner Township ("SCI-Benner Township"), initiated this civil rights action by filing a complaint pursuant to 42 U.S.C. § 1983 on March 23, 2022. (Doc. 1). On August 24, 2022, the parties consented to proceed before the undersigned United States Magistrate Judge pursuant to Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). (Doc. 22). For the following reasons, the motions to dismiss will be GRANTED.

## I.   BACKGROUND AND PROCEDURAL HISTORY

On March 23, 2022, Jewells filed the complaint against DOC Defendants and Parole Defendants alleging that he was unlawfully confined in excess of his maximum sentence date. (Doc. 1). In the complaint, Jewells asserts that he completed his sentence at inmate number MK 1364 on March 3, 2021, but he was unlawfully returned to Department of Corrections ("DOC") custody under this inmate number on May 20, 2021. (Doc. 1, at 4). Jewells avers

that when the Parole Board realized he sentence was complete, "they hurry up and threw me back on the old state #AS0928," for which the original maximum sentence date was October 9, 2012. (Doc. 1, at 4). In addition, Jewells claims that he submitted written requests to all Defendants regarding the issues with his sentence, but Defendants refused to correctly calculate his sentence. (Doc. 1, at 6). Specifically, Jewells asserts the following claims: double jeopardy under the Fifth Amendment (Count 1); cruel and unusual punishment under the Eighth Amendment (Count 2); due process violation under the Fourteenth Amendment (Count 3); and violation of the Americans with Disabilities Act ("ADA") (Count 4). (Doc. 1, at 5). For relief, Jewells seeks compensatory and punitive damages, an injunction "to release all state old number that is max out," and "a court order from Bucks County Court stating [Jewells is] no longer serving the sentence under state number #AS0928." (Doc. 1, at 5-6).

On July 21, 2022, the Court granted Jewells' application to proceed *in forma pauperis* and directed the Clerk's Officer to serve the complaint. (Doc. 9). On September 19, 2022, Parole Defendants filed a motion to dismiss for failure to state a clam, as well as a brief in support. (Doc. 23; Doc. 24). On the same day, DOC Defendants filed a motion to dismiss for failure to state a claim, as well as a brief in support. (Doc. 25; Doc. 26). On October 7, 2022, Jewells filed a brief in support of both motions to dismiss. (Doc. 27). On November 2, 2022, Jewells filed a motion to amend the complaint "due to new found evidence and other evidence that was being covered up." (Doc. 29). On November 25, 2022, Jewells filed a letter with the Court requesting to be excused from future payments and a reimbursement of payments already made in this case. (Doc. 30).

The motions have been fully briefed and are ripe for disposition. (Doc. 24; Doc. 26; Doc. 27; Doc. 29).

II.     STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. Burch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions . . .'" Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) (quoting In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). The

court also need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (*citing Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair

notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With these standards in mind, *pro se* documents must "be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nevertheless, *pro se* plaintiffs are still subject to the base pleading requirements of Rule 8. *Rhett v. NJ State Superior Court*, 260 F. App'x 513 (3d Cir. 2008). If a complaint fails to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## III.    DISCUSSION

### A.    JEWELLS' MOTION TO AMEND

On November 2, 2022, Jewells filed a motion to amend, seeking amend the complaint "due to new found evidence and other evidence that was being covered up." (Doc. 29, at 1). Rule 15 of the Federal Rules of Civil Procedure sets forth the rules governing amended and supplemental pleadings. Rule 15(a) provides that if more than 21 days has elapsed after a defendant has served a motion to dismiss under Rule 12(b), a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a). Fed. R. Civ. P. 15(a) directs that "[t]he court should freely give leave when justice so requires." Nonetheless, the policy favoring liberal amendments is not "unbounded." *Dole v. Arco Chem.*

*Co.*, 921 F.2d 484, 487 (3d Cir. 1990). The decision of whether to grant or to deny a motion

for leave to amend rests within the sound discretion of the district court. *Foman v. Davis*, 371

U.S. 178, 182 (1962); *Waterfront Renaissance Assocs. v. City of Phila.*, 701 F. Supp. 2d 633, 639

(E.D. Pa. 2010).

      Here, Jewells filed the motion to amend on November 2, 2022, more than 21 days

after DOC Defendants and Parole Defendants filed the motion to dismiss on September 19,

2022. (Doc. 23; Doc. 25; Doc. 29). Thus, assuming Defendants do not consent to the request

to amend, Jewells may only amend the complaint with the Court's leave. *See* Fed. R. Civ. P.

15(a). Notably, the motion to amend violates Local Rule 15.1(a) because Jewells does not

attach a proposed amended complaint and the motion to amend does not purport to function

as a proposed amended complaint.[1] (Doc. 29, at 1). Thus, the Court cannot determine if any

of the amended complaint would have merit.

      Accordingly, the motion to amend is DENIED without prejudice. (Doc. 29).

---

[1] Local Rule 15.1(a) provides as follows:

> When a party files a motion requesting leave to file an amended
> pleading, the proposed amended pleading must be retyped or reprinted
> so that it will be complete in itself including exhibits and shall be filed
> on paper as a separate document or, in the Electronic Filing System, as
> an attachment to the motion. If the motion is granted, the clerk shall
> forthwith file the amended pleading. Unless otherwise ordered, an
> amended pleading that does not add a new defendant shall be deemed
> to have been served for the purpose of determining the time for response
> under Fed. R. Civ. P. 15(a), on the date the court grants leave for its
> filing. A party granted leave to amend its pleading, when the amended
> pleading would add a new defendant, shall file and effect service of the
> amended pleading within thirty (30) days after the date of the Order
> granting leave for its filing.

B.  DEFENDANTS' MOTIONS TO DISMISS

Parole Defendants set forth two reasons as to why Jewells' complaint should be dismissed: (1) Jewells' claim of illegal detention does not state a § 1983 claim; and (2) the complaint is barred by the *Heck v. Humphrey* favorable termination rule. (Doc. 24, at 2). DOC Defendants sets forth four arguments as to why Jewells' complaint should be dismiss: (1) Jewells' claims are barred under *Heck v. Humphrey*; (2) Jewells failed to state a claim for over-detention in violation of the Eighth Amendment; (3) Jewells' claims under the Fifth and Fourteenth Amendments fail to state a claim; and (4) Jewells' claims under the ADA fail to state a claim. (Doc. 26, at 3). In opposition to both motions to dismiss, Jewells argues that the Court's ECF system violates the "conflicts with Federal civil procedural rule 11, which require all parties personally cursively sign papers presented to the Court." (Doc. 27, at 1). Jewells also argues that Defendants' motions to dismiss are fraudulent, Defendants' reliance on *Heck* is in "bad faith" as they are "attempting to deceive the Court and [Jewells'] *pro se* status," and the motions must be denied pursuant to *res judicata* and/or equitable estoppel as Defendants have been "enforcing inmate mail policy No. 803 illegally for years." (Doc. 27, at 2-3). Because Defendants raise similar arguments in support of their motions to dismiss, the Court will address the motions collectively.

### 1.  42 U.S.C. § 1983 Claims

When seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. *See Learner v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). However, when a prisoner challenges either the fact or duration of his confinement, the appropriate remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 45, 494 (1973); *Tedford v. Hepting*, 990

F.2d 745, 748 (3d Cir. 1993). "The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and then only if his detention were found to be unlawful.'" *Learner*, 288 F.3d at 540 (quoting Powers of Congress and the Court Regarding the Availability and Scope of Review, 114 Harv. L. Rev. 1551, 1553 (2001)).

Given Jewells' allegation regarding his detention past his maximum release date, the Court construes his claim to be one challenging the execution of his sentence. Such a claim by a state prisoner must be brought as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and is not cognizable in a complaint brought pursuant to 42 U.S.C. § 1983. *See Preiser*, 411 U.S. at 488-89 (holding that a prisoner challenging the validity of his confinement on federal constitutional grounds must rely on the federal habeas corpus statute, which Congress specifically designed for that purpose, rather than the broad language of § 1983); *Coady v. Vaughn*, 251 F.3d 480, 484-85 (3d Cir. 2001) (noting that state prisoners who wish to challenge the execution of their sentence must proceed under § 2254).

Accordingly, Jewells' complaint fails to state a claim under 42 U.S.C. § 1983. To the extent that Jewells wishes to challenge the execution of his sentence, he must file a separate petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### 2. *Heck*-barred Claims

In 42 U.S.C. § 1983 claims that challenge the circumstances of an inmate's sentence, the Supreme Court has ruled that

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by

executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 486-87 (footnotes omitted).

The "favorable-termination requirement is rooted in pragmatic concerns with avoiding parallel criminal and civil litigation over the same subject matter and the related possibility of conflicting civil and criminal judgments." *McDonough v. Smith*, 139 S. Ct. 2149, 2157 (2019). "The requirement likewise avoids allowing collateral attacks on criminal judgments through civil litigation." *McDonough*, 139 S. Ct. at 2157.

Even if the plaintiff has exhausted available state remedies, he has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. *Heck*, 512 U.S. at 489. "[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

The favorable-termination rule of *Heck* applies in the probation and parole-revocation context. *See e.g. Bronowicz v. Allegheny Cty.*, 804 F.3d 338, 345, 347 (3d Cir. 2015) (concluding, in connection with claims for damages for wrongful incarceration relating to probation

violations, that "[b]ecause [the plaintiff] seeks damages for this 'illegal' imprisonment, he must satisfy the favorable termination rule if his claims are to proceed" and finding that the plaintiff satisfied the favorable-termination rule as to one such probation revocation but not as to two other such revocations); *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (holding that Williams's claims that he was falsely incarcerated for parole violations were barred by *Heck* because success on Williams's claims would necessarily demonstrate the invalidity of the Parole Board's decision revoking his parole, which decision had not been declared invalid). Here, Jewells demands relief from confinement, as well as compensatory and punitive compensation for emotional distress, mental anguish, permanent disability, and loss of liberty. (Doc. 1, at 5). Jewells claims Defendants illegally or erroneously established a parole violation maximum date when his parole was revoked because he committed new crimes while on parole. (Doc. 1, at 4-5). However, Jewells is not challenging the revocation of his probation or the sentence he received after that revocation. Rather, he claims that Defendants kept him in DOC custody even after the maximum term of his sentence expired. Thus, success in this action would not necessarily demonstrate the invalidity of his probation revocation or the duration of his sentence as imposed by the court.

Nevertheless, "[t]he 'favorable termination rule' of *Heck* applies in the context of Eighth Amendment claims involving allegations that the plaintiff was confined unlawfully beyond his statutory maximum sentence." *King v. Bennage-Gregory*, No. 1:19-CV-318-SPB, 2020 WL 5701937, at *5 (W.D. Pa. Sept. 24, 2020); *see also e.g. Gause v. Haile*, 559 F. App'x 196, 198 (3d Cir. 2014) (concluding that "a ruling that Gause was held in excess of the maximum sentence would necessarily imply the invalidity of his 'confinement or its duration,' and would therefore violate *Heck*."); *Abbott v. Pennsylvania Dep't of Corr.*, 426 F. App'x 42, 43

(3d Cir. 2011) ("Under *Heck*, as relevant here, a civil-rights plaintiff cannot recover damages for harm caused by actions that implicate the length of his confinement unless he can prove that the erroneous calculation has been reversed, invalidated, or called into question by a grant of federal habeas corpus relief."); *Royal v. Durison*, 254 F. App'x 163, 165 (3d Cir. 2007) ("Were we to hold that the Commonwealth of Pennsylvania did, in fact, incarcerate Royal beyond the statutory maximum, we would necessarily be holding that the 'confinement or its duration' was invalid in violation of the favorable termination requirement announced in *Heck*."); *but see Chappelle v. Varano*, No. 4:11-CV-00304, 2013 WL 5876173, at *13 (M.D. Pa. Oct. 30, 2013) (concluding that because the plaintiff "does not dispute the validity of his conviction or his corresponding sentence" and "[t]he conflict centers on the amount of time he was held *in excess* of his valid conviction and sentence[,]" "[a] finding for Plaintiff under § 1983 based on the period he was held beyond his original sentence would not imply the invalidity of the conviction or sentence, and therefore does not trigger the application of the favorable termination rule" of *Heck*).

Further, *Heck* is implicated by wrongful supervision on parole or probation past a maximum sentence. *See Powell v. Weiss*, 757 F.3d 338, 346 (3d Cir. 2014) (addressing the favorable-termination rule and concluding that plaintiff's claim that "he was deprived of a protected liberty interest when he was supervised on parole seven months past his maximum sentence date" was not a collateral attack on his sentence and not barred by *Heck*'s favorable-termination rule where the plaintiff had "successfully challenged the duration of his sentence in the Commonwealth Court, which . . . held that the DOC had miscalculated his term"); *Martin v. SCI-Huntingdon*, No. 3:CV-18-805, 2018 WL 4832358, at *3 (M.D. Pa. Oct. 4, 2018) (concluding that claim that defendant miscalculated plaintiff's sentence resulting in the

plaintiff being improperly required to serve a period of parole supervision following his release from prison was barred by *Heck* given that "a finding in [the plaintiff's] favor would imply the invalidity of the period of parole supervision imposed in [his] case" and the plaintiff had not successfully challenged the computation of his sentence).

Here, the Court concludes that Jewells has sufficiently alleged that he received a favorable termination. Because there is no indication of record that there has been a successful prior adjudication pertaining to Jewells' alleged unlawful calculation of his parole backtime and recalculated maximum sentence, it is appropriate to dismiss the claim for damages. Accordingly, Jewells is barred from raising this challenge at the present time. *See Gause*, 559 F. App'x at 196 (a ruling that the plaintiff was held in excess of the maximum sentence would necessarily imply the invalidity of his confinement or its duration, and would therefore violate *Heck*); *Royal*, 254 F. App'x at 163 (concluding that *Heck*-barred the plaintiff's claims that he was incarcerated beyond his maximum sentence and that prison officials failed to properly investigate whether his sentence had been improperly calculated).

To the extent Jewells is still in custody pursuant to the allegedly erroneous sentence and seeks to challenge the Parole Board's calculation in federal court, he must do so by filing a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. *See Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001).

### C. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment unless an amendment would be inequitable or futile. *See Grayson*, 293 F.3d at 108; *Shane v. Fauver,* 213 F.3d 113, 116-17 (3d Cir. 2000). The Third Circuit has also acknowledged that a district court has

"substantial leeway in deciding whether to grant leave to amend." *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000); *see also Ruffin v. Mooney*, No. 3:16-CV-1987, 2017 WL 3390361, at *2 (M.D. Pa. Jan. 31, 2017) (dismissing prisoner-plaintiff's case without prejudice where it was unclear whether he was seeking relief under § 1983 or a habeas statute). Because the deficiencies in Jewells' claims cannot be cured, the Court will not grant him leave to file an amended complaint as it would be futile.

## IV.    CONCLUSION

For the foregoing reasons, Parole Defendants' and DOC Defendants' motions to dismiss are **GRANTED**. (Doc. 23; Doc. 25). In addition, Jewells' motion to amend the complaint is **DENIED**. (Doc. 29). The Clerk of Court is directed to **CLOSE** this case.

An appropriate Order follows.

BY THE COURT:

Dated: May 9, 2023        *s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**Chief United States Magistrate Judge**